

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF MISSISSIPPI

**JIMMY DALE HUNSUCKER, JR.,**                                      **PLAINTIFF**

**VS.**                                    **CAUSE NO.** 3:10CV008-M-A

**TIPPAH COUNTY, MISSISSIPPI, JEFFREY
ROGERS, INDIVIDUALLY, AND IN HIS
OFFICIAL CAPACITY AS A DEPUTY OF
TIPPAH COUNTY, MISSISSIPPI, AND
WILLIAM ROGERS, INDIVIDUALLY, AND
IN HIS OFFICIAL CAPACITY AS A DEPUTY
OF TIPPAH COUNTY, MISSISSIPPI, BRANDON
VANCE, IN HIS INDIVIDUAL CAPACITY AS
FORMER SHERIFF OF TIPPAH COUNTY,
MISSISSIPPI, KEN WALKER INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS A
POLICE OFFICER WITH THE CITY OF
RIPLEY, MISSISSIPPI, RAMONE RENGEL,
INDIVIDUALLY, AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER WITH
THE CITY OF RIPLEY, MISSISSIPPI, KARL
GAILLARD, INDIVIDUALLY, AND IN HIS
OFFICIAL CAPACITY AS A POLICE OFFICER
WITH THE CITY OF RIPLEY, MISSISSIPPI,
AND THE CITY OF RIPLEY, MISSISSIPPI,**                     **DEFENDANTS**

## SEPARATE ANSWER AND DEFENSES
## OF CITY OF RIPLEY, MISSISSIPPI

COMES NOW DEFENDANT above named and submits this Answer and Defenses to the

Second Amended Complaint, and states as follows:

### FIRST DEFENSE

The Second Amended Complaint fails to state a cause of action as to this Defendant for

which relief may be granted, and therefore, should be dismissed.

### SECOND DEFENSE

In answer to the enumerated paragraphs of the Second Amended Complaint, this Defendant

states:

(1)     The allegations of ¶1 of the Second Amended Complaint do not pertain to this Defendant, and therefore no response is required. Out of an abundance of caution, however, based upon present knowledge possessed by this Defendant, this Defendant admits the allegations of ¶1.

(2)     The allegations of ¶2 of the Second Amended Complaint do not pertain to this Defendant, and therefore no response is required. Out of an abundance of caution, however, based upon present knowledge possessed by this Defendant, this Defendant admits the allegations of ¶2.

(3)     The allegations of ¶3 of the Second Amended Complaint do not pertain to this Defendant, and therefore no response is required. Out of an abundance of caution, however, based upon present knowledge possessed by this Defendant, this Defendant admits the allegations of ¶3.

(4)     The allegations of ¶4 of the Second Amended Complaint do not pertain to this Defendant, and therefore no response is required. Out of an abundance of caution, however, based upon present knowledge possessed by this Defendant, this Defendant admits the allegations of ¶4.

(5)     The allegations of ¶5 of the Second Amended Complaint do not pertain to this Defendant, and therefore no response is required. Out of an abundance of caution, however, based upon present knowledge possessed by this Defendant, this Defendant admits the allegations of ¶5.

(6)     Defendant admits the allegations of ¶6 of the Second Amended Complaint.

(7)     Defendant admits the allegations of ¶7 of the Second Amended Complaint.

(8)     Defendant admits the allegations of ¶8 of the Second Amended Complaint.

(9)     Defendant admits the allegations of ¶9 of the Second Amended Complaint.

(10)    Without admitting the validity of the subject suit, Defendant responds to ¶10 of the Second Amended Complaint, by denying all of the allegations contained therein, except Defendant admits that in proper circumstances a properly and timely filed cause of action such as that sought to be claimed by Plaintiff in the Second Amended Complaint can be brought under the provisions of

42 U.S.C.,§1983, at least in part, that under such circumstances this Court would generally have jurisdiction. Defendant denies the remaining allegations of ¶10 of the Second Amended Complaint.

(11)    The allegations of ¶11 of the Second Amended Complaint do not pertain to this Defendant, and therefore, no response is required. To the extent that ¶11 of the Second Amended Complaint could be interpreted in any way to suggest that this Defendant was guilty of any wrongful act or omission, then this Defendant denies same, except Defendant admits that Ken Walker, Ramone Rengel and Karl Gaillard were, on June 9, 2007, officers of the City of Ripley, Mississippi Police Department. To the extent, however, that there is any express or implied suggestion that any of them committed any wrongful act or omission, same is denied. To the extent necessary, this Defendant denies all matter not specifically admitted.

(12)    To the extent that ¶12 of the Second Amended Complaint contains allegations against this Defendant, this Defendant denies same. Further, to the extent necessary, Defendant denies the allegations of ¶12 of the Second Amended Complaint.

(13)    Without admitting the validity of the subject cause of action, this Defendant admits that properly and timely filed actions, such as that sought to be filed by the Plaintiff in this cause of action, can typically be filed in this Court.

(14)    The allegations of ¶14 of the Second Amended Complaint do not pertain to this Defendant, and therefore, no response is required. To the extent that any allegation of ¶14 of the Second Amended Complaint could be construed to allege any wrongful act or omission of this Defendant, this Defendant denies same. Upon information and belief, Defendant admits that Plaintiff was operating a motor vehicle that was occupied by John Jenkins; that a Tippah County Deputy Sheriff "blue lighted" Plaintiff's vehicle. All allegations of ¶14 not specifically admitted are denied.

(15)     The allegations of ¶15 of the Second Amended Complaint do not pertain to this Defendant, and therefore, no response is required. Out of an abundance of caution, however, if any allegations contained in ¶15 can be construed to suggest any wrongful act or omission of this Defendant, same are denied. Further pleading, this Defendant states that this Defendant was not present at the time of the events mentioned in ¶15, and therefore, this Defendant has no personal knowledge of the specific occurrences at the time that William Rogers is alleged to have exited his vehicle, though it is the understanding of this Defendant that dispatch had made communications to law enforcement officials that the driver of Plaintiff's vehicle had displayed weapons earlier in the evening.  To the extent necessary, Defendant denies the allegations of ¶15 of the Second Amended Complaint.

(16)     The allegations of ¶16 of the Second Amended complaint do not pertain to this Defendant, and therefore, no response is required. Out of an abundance of caution, however, to the extent that any of the allegations of ¶16 of the Second Amended Complaint could be construed to allege a wrongful act or omission of this Defendant, same are denied. Further pleading, this Defendant would assert that this Defendant was not present at the time of the events referenced in ¶16 of the Second Amended Complaint.  To the extent necessary, Defendant denies the allegations of ¶16 of the Second Amended Complaint.

(17)     Defendant denies the allegations of ¶17 of the Second Amended Complaint, except Defendant admits that Plaintiff and John Jenkins were taken to the Tippah County Jail.

(18)     Defendant denies the allegations of ¶18 of the Second Amended Complaint, except Defendant admits that for a portion of the time that Plaintiff was at the Tippah County Sheriff's Department, Plaintiff was in the intoxilyzer room; that Tippah County Deputy, William Rogers, was

present with Plaintiff during said period of time; that others were either present in the intoxilyzer room at certain times or immediately outside the intoxilyzer room.

(19)     Defendant denies the allegations of paragraph 19 of the Second Amended Complaint, except Defendant admits that Plaintiff was requested to "blow" into the intoxilyzer which Plaintiff refused, though Defendant was not involved in the administration of the test, or the request to Plaintiff. To the extent necessary, Defendant denies all matter not specifically admitted.

(20)     Defendant denies the allegations of ¶20 of the Second Amended Complaint.

(21)     The allegations of ¶21 of the Second Amended Complaint do not pertain to this Defendant, and therefore, no response is required. Out of an abundance of caution, to the extent that ¶21 of the Second Amended Complaint alleges any wrongful act or omission of this Defendant, this Defendant denies same. To the extent necessary, Defendant denies the allegations of ¶21 of the Second Amended Complaint.

(22)     The allegations of ¶22 of the Second Amended Complaint do not pertain to this Defendant, and therefore, no response is required. To the extent that ¶22 alleges any wrongful act or omission of this Defendant, this Defendant denies same. To the extent necessary, Defendant denies the allegations of ¶22 of the Second Amended Complaint.

(23)     The allegations of ¶23 of the Second Amended Complaint do not pertain to this Defendant, and therefore, no response is required. Out of an abundance of caution, to the extent that ¶23 alleges any wrongful act or omission of this Defendant, this Defendant denies same. Further, to the extent necessary, this Defendant denies the allegations of ¶23.

(24)     The allegations of ¶24 of the Second Amended Complaint do not pertain to this Defendant, and therefore, no response is required. Out of an abundance of caution, to the extent that

¶24 could be construed to allege any wrongful act or omission of this Defendant, this Defendant denies same. Further, to the extent necessary, this Defendant denies the allegations of ¶24 of the Second Amended Complaint.

(25)    The allegations of ¶25 of the Second Amended Complaint do not pertain to this Defendant and therefore no response is required. Out of an abundance of caution, however, to the extent that ¶25 can be construed to allege any wrongful act or omission of this Defendant, this Defendant denies same. Further, to the extent necessary, this Defendant denies the allegations of ¶25 of the Second Amended Complaint.

(26)    The allegations of ¶26 of the Second Amended Complaint do not pertain to this Defendant and therefore no response is required. Out of an abundance of caution, however, to the extent that ¶26 can be construed to allege any wrongful act of omission of this Defendant, this Defendant denies same. Further, to the extent necessary, this Defendant denies the allegations of ¶26 of the Second Amended Complaint, except this Defendant would assert that the records of the United States District Court for the Northern District of Mississippi speak for themselves regardless of the admissions or denials of this Defendant.

(27)    The allegations of ¶27 of the Second Amended Complaint do not pertain to this Defendant, and therefore, no response is required. Out of an abundance of caution, however, to the extent that the allegations of ¶27 could be construed to allege any wrongful act or omission of this Defendant, this Defendant denies same.  To the extent necessary, this Defendant denies the allegations of ¶27.

(28)    In response to ¶28 of the Second Amended Complaint, this Defendant incorporates the entirety of this Defendant's Answer and Defenses, including all admissions, denials and affirmative defenses contained herein.

(29)     Defendant denies the allegations of ¶29 of the Second Amended Complaint except Defendant admits that under many circumstances law enforcement officers cannot arrest individuals without probable cause.  Affirmatively, this Defendant would assert that this Defendant did not arrest Plaintiff.  Further, affirmatively it is the understanding of this Defendant that clear probable cause existed for the arrest of Plaintiff as documented by the fact that Plaintiff was convicted of the charges for which he was arrested.

(30)     The allegations of ¶30 of the Second Amended Complaint do not pertain to this Defendant, and therefore, no response is required. Out of an abundance of caution, however, to the extent that ¶30 can be construed to assert any wrongful act or omission of this Defendant, this Defendant denies same. To the extent necessary, this Defendant denies the allegations of ¶30 of the Second Amended Complaint.

(31)     The allegations of ¶31 of the Second Amended Complaint do not pertain to this Defendant, and therefore, no response is required. Out of an abundance of caution, however, to the extent that ¶31 can be construed to assert any wrongful act or omission of this Defendant, this Defendant denies same. To the extent necessary, this Defendant denies the allegations of ¶31 of the Second Amended Complaint.

(32)     In response to ¶32 of the Second Amended Complaint, this Defendant incorporates the entirety of this Defendant's Answer and Defenses, including all admissions, denials and affirmative defenses contained herein.

(33)     Defendant denies the allegations of ¶33 of the Second Amended Complaint except Defendant admits that law enforcement officers are prohibited from using excessive force in connection with performance of their duties, which is judged by a totality of the circumstances. All allegations of ¶33 of the Second Amended Complaint are denied with respect to any claim

regarding this Defendant, which is expressly or impliedly made by ¶33 of the Second Amended Complaint as this Defendant denies that this Defendant used excessive force in any regard.

(34)   Defendant denies the allegations of ¶34 of the Second Amended Complaint.

(35)   Defendant denies the allegations of ¶35 of the Second Amended Complaint.

(36)   The allegations of ¶36 of the Second Amended Complaint do not pertain to this Defendant, and therefore, no response is required.   Out of an abundance of caution, to the extent that the allegations of ¶36 could be construed to assert any wrongful act or omission of this Defendant, this Defendant denies same. Further, to the extent necessary this Defendant denies the allegations of ¶36 of this Second Amended Complaint.

(37)   The allegations of ¶37 of the Second Amended Complaint do not pertain to this Defendant, and therefore, no response is required.   Out of an abundance of caution, to the extent that the allegations of ¶37 could be construed to assert any wrongful act or omission of this Defendant, this Defendant denies same. Further, to the extent necessary this Defendant denies the allegations of ¶37 of this Second Amended Complaint.

(38)   The allegations of ¶38 of the Second Amended Complaint do not pertain to this Defendant, and therefore, no response is required.   Out of an abundance of caution, to the extent that the allegations of ¶38 could be construed to assert any wrongful act or omission of this Defendant, this Defendant denies same. Further, to the extent necessary this Defendant denies the allegations of ¶38 of this Second Amended Complaint.

(39)   In response to ¶39 of the Second Amended Complaint, this Defendant incorporates the entirety of this Defendant's Answer and Defenses, including all admissions, denials and affirmative defenses contained herein.

(40)     Defendant denies the allegations of ¶40 of the Second Amended Complaint, except Defendant admits that on June 9, 2007, the Defendants Walker, Rengel, and Gaillard were police officers of the City of Ripley Police Department.

(41)     Defendant denies the allegations of ¶41 of the Second Amended Complaint except Defendant admits that law enforcement officers are not to use excessive force judged by the totality of the circumstances. Defendant denies that Walker, Rengel or Gaillard utilized excessive force and further denies that Walker, Rengel, and Gaillard were required to take reasonable steps to intervene to prevent the use of excessive force by fellow officers.

(42)     Defendant denies the allegations of ¶42 of the Second Amended Complaint.

(43)     Defendant denies the allegations of ¶43 of the Second Amended Complaint.

(44)     Defendant denies the allegations of ¶44 of the Second Amended Complaint.

(45)     Defendant denies the allegations of ¶45 of the Second Amended Complaint.

(46)     In response to ¶46 of the Second Amended Complaint, this Defendant incorporates the entirety of this Defendant's Answer and Defenses, including all admissions, denials and affirmative defenses contained herein.

(47)     The allegations of ¶47 of the Second Amended Complaint do not pertain to this Defendant, and therefore no response is required. Out of an abundance of caution, however, to the extent that ¶47 could be construed to allege any wrongful act or omission of Defendant, Defendant denies same. To the extent necessary Defendant denies the allegations of ¶47 of the Second Amended Complaint.

(48)     The allegations of ¶48 of the Second Amended Complaint do not pertain to this Defendant, and therefore no response is required. Out of an abundance of caution, however, to the extent that ¶48 could be construed to allege any wrongful act or omission of Defendant, Defendant

denies same. To the extent necessary Defendant denies the allegations of ¶48 of the Second Amended Complaint.

(49)    The allegations of ¶49 of the Second Amended Complaint do not pertain to this Defendant, and therefore no response is required. Out of an abundance of caution, however, to the extent that ¶49 could be construed to allege any wrongful act or omission of Defendant, Defendant denies same. To the extent necessary Defendant denies the allegations of ¶49 of the Second Amended Complaint.

(50)    The allegations of ¶50 of the Second Amended Complaint do not pertain to this Defendant, and therefore no response is required. Out of an abundance of caution, however, to the extent that ¶50 could be construed to allege any wrongful act or omission of Defendant, Defendant denies same. To the extent necessary Defendant denies the allegations of ¶50 of the Second Amended Complaint.

(51) The allegations of ¶51 of the Second Amended Complaint do not pertain to this Defendant, and therefore no response is required. Out of an abundance of caution, however, to the extent that ¶51 could be construed to allege any wrongful act or omission of Defendant, Defendant denies same. To the extent necessary Defendant denies the allegations of ¶51 of the Second Amended Complaint.

(52)    The allegations of ¶52 of the Second Amended Complaint do not pertain to this Defendant, and therefore no response is required. Out of an abundance of caution, however, to the extent that ¶52 could be construed to allege any wrongful act or omission of Defendant, Defendant denies same. To the extent necessary Defendant denies the allegations of ¶52 of the Second Amended Complaint.

(53)    The allegations of ¶54 of the Second Amended Complaint do not pertain to this Defendant, and therefore no response is required. Out of an abundance of caution, however, to the extent that ¶53 could be construed to allege any wrongful act or omission of Defendant, Defendant denies same. To the extent necessary Defendant denies the allegations of ¶53 of the Second Amended Complaint.

(54)    The allegations of ¶54 of the Second Amended Complaint do not pertain to this Defendant, and therefore no response is required. Out of an abundance of caution, however, to the extent that ¶54 could be construed to allege any wrongful act or omission of Defendant, Defendant denies same. To the extent necessary Defendant denies the allegations of ¶54 of the Second Amended Complaint.

(55)    In response to ¶55 of the Second Amended Complaint, this Defendant incorporates the entirety of this Defendant's Answer and Defenses, including all admissions, denials and affirmative defenses contained herein.

(56)    Defendant denies the allegations of ¶56 of the Second Amended Complaint, except Defendant asserts that the law applicable to this case will be applied regardless of the admissions or denials of this Defendant. Further, this Defendant asserts that this Defendant was not guilty of any act of omission that creates, in whole or in part, any cognizable cause of action in favor of Plaintiff. This Defendant, further, denies the existence of any pattern, practice, policy or custom that violated Plaintiff's rights, or otherwise, extend to Plaintiff any cause of action.

(57)    Defendant denies the allegations of ¶57 of the Second Amended Complaint.

(58)     Defendant denies the allegations of ¶58 of the Second Amended Complaint.

(59)    Defendant denies the allegations of ¶59 of the Second Amended Complaint.

(60)    Defendant denies the allegations of ¶60 of the Second Amended Complaint.

(61)     Defendant denies the allegations of ¶61 of the Second Amended Complaint.

(62)     Defendant denies the allegations of ¶62 of the Second Amended Complaint.

(63)     In response to ¶63 of the Second Amended Complaint, this Defendant incorporates the entirety of this Defendant's Answer and Defenses, including all admissions, denials and affirmative defenses contained herein.

(64)     Defendant denies the allegations of ¶64 of the Second Amended Complaint.

(65)     Defendant denies the allegations or ¶65 of the Second Amended Complaint.

(66)     Defendant denies the allegations or ¶66 of the Second Amended Complaint.

(67)     Defendant denies the allegations or ¶67 of the Second Amended Complaint.

(68)     Defendant denies all other literary allegations contained in the Second Amended Complaint, including, but not limited to those contained in the section entitled, "Prayer for Relief" including all subparagraphs thereof, and denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

AND NOW HAVING FULLY RESPONDED TO THE ENUMERATED PARAGRAPHS OF THE SECOND AMENDED COMPLAINT, DEFENDANT GIVES PLAINTIFF NOTICE OF DEFENDANT'S INTENTION TO OFFER CERTAIN MATTER IN AFFIRMATIVE DEFENSE AND AVOIDANCE OF THE SECOND AMENDED COMPLAINT.

### THIRD DEFENSE

Defendant asserts all immunities available to this Defendant, including, but not limited to sovereign immunity, absolute immunity, governmental immunity, good faith immunity as well as any and all other immunities available under or pursuant to state law, federal law, common law, or otherwise.

563939                                        12

## FOURTH DEFENSE

As to this Defendant, the Complaint/Second Amended Complaint should be dismissed based upon the failure of Plaintiff to properly plead and prove "policy".

## FIFTH DEFENSE

To the extent that Plaintiff relies upon respondeat superior as a basis for liability of this Defendant, this Defendant asserts that any such claim sought to be asserted by Plaintiff should be dismissed.

## SIXTH DEFENSE

This Defendant is not responsible for the acts of any other person than this Defendant, and any claim by Plaintiff dependent upon such should be dismissed.

## SEVENTH DEFENSE

Though this Defendant denies that Plaintiff is entitled to recover from this Defendant, and denies wrongdoing, nonetheless, in the event that the trier of fact in this case should find otherwise (which is denied) then this Defendant would assert that the sole proximate cause of damages, if any, allegedly sustained by Plaintiff were the actions of Plaintiff, and therefore, any and all claims by Plaintiff should be dismissed.

## EIGHTH DEFENSE

Though this Defendant denies that Plaintiff is entitled to recover from this Defendant, and denies wrongdoing, nonetheless, in the event that the trier of fact in this case should find otherwise (which is denied) then this Defendant pleads that if the sole cause of damages alleged by Plaintiff were not the result of Plaintiff's own actions, then Plaintiff was guilty of comparative fault and any recovery to which Plaintiff would otherwise be entitled should be reduced or eliminated in accordance with the degree of Plaintiff's fault.

**NINTH DEFENSE**

Though this Defendant denies that Plaintiff is entitled to recover from this Defendant, and denies wrongdoing, nonetheless, in the event that the trier of fact in this case should find otherwise (which is denied) then in such event Defendant pleads the Mississippi Joint and Several Liability Statute, Section 85-5-7 of the *Mississippi Code* (1972 as amended).

**TENTH DEFENSE**

Though this Defendant denies that Plaintiff is entitled to recover from this Defendant, and denies wrongdoing, nonetheless, in the event that the trier of fact in this case should find otherwise (which is denied) then Defendant asserts that Plaintiff should be denied recovery for any damages, if any, which Plaintiff has failed to mitigate, and any claim therefore should be dismissed.

**ELEVENTH DEFENSE**

Though this Defendant denies that Plaintiff is entitled to recover from this Defendant, and denies wrongdoing, nonetheless, in the event that the trier of fact in this case should find otherwise (which is denied) then Plaintiff should be denied recovery for any conditions not directly resulting from the events which are subject of this proceeding, including but not limited to pre-existing conditions and any claim by Plaintiff for any of same should be dismissed.

**TWELFTH DEFENSE**

Though this Defendant denies that Plaintiff is entitled to recover from this Defendant, and denies wrongdoing, nonetheless, in the event that the trier of fact in this case should find otherwise (which is denied) this Defendant asserts that there was no "conspiracy" among this Defendant and any other person or entity, and further asserts that Plaintiff has failed properly to plead a cause of action of "conspiracy" and therefore any claim of Plaintiff based thereon should be dismissed.

### THIRTEENTH DEFENSE

Plaintiff has failed properly to plead and prove the elements essential to recovery for inadequate training and/or supervision and or hiring and/or disciplining and/or related claim, and therefore any claim by Plaintiff based thereon should be dismissed.

### FOURTEENTH DEFENSE

Any claim by Plaintiff of failure to train should be dismissed based upon the fact that the individual Defendants are graduates from the Mississippi Law Enforcement Academy which establishes that said individuals have been properly trained.

### FIFTEENTH DEFENSE

Though this Defendant denies that Plaintiff is entitled to recover from this Defendant, and denies wrongdoing, nonetheless, in the event that the trier of fact in this case should find otherwise (which is denied) then in such event, Defendant pleads that no action or inaction of this Defendant was the proximate cause of any injury or damage, if any, sustained by Plaintiff, and therefore Plaintiff's claims should be dismissed.

### SIXTEENTH DEFENSE

Though this Defendant denies that Plaintiff is entitled to recover from this Defendant, and denies wrongdoing, nonetheless, in the event that the trier of fact in this case should find otherwise (which is denied) then under such circumstances this Defendant pleads that no act or omission of Defendant was the cause in fact of any injury or damages of Plaintiff, and therefore, Plaintiff's claim should be dismissed.

### SEVENTEENTH DEFENSE

Defendant asserts that the actions of Defendant were proper and appropriate under the totality of the circumstances, and therefore, Plaintiff's claim should be denied.

563939

15

### EIGHTEENTH DEFENSE

All or portions of Plaintiff's claims are barred by the statue of limitations, and therefore, should be dismissed.

### NINETEENTH DEFENSE

Though this Defendant denies that Plaintiff is entitled to recover from this Defendant, and denies wrongdoing, nonetheless, in the event that the trier of fact in this case should find otherwise (which is denied) under such circumstances Defendant asserts that acts or omissions of others than this Defendant were the cause of any injuries or damages, if any, of Plaintiff, and therefore, any act or omission of this Defendant (which act or omission is denied) was superceded by the acts/or omissions of others and/or the acts or omissions of others were independent intervening causes, all of which insulates this Defendant from liability, and therefore any claim by Plaintiff against this Defendant should be dismissed.

### TWENTIETH DEFENSE

Any and all state law claims sought to be asserted by Plaintiff are barred by the statute of limitations, including the statute of limitations incorporated as a part of the *Mississippi Tort Claims Act* and other and different statutes of limitations established by Mississippi law.

### TWENTY-FIRST DEFENSE

With respect to any and all state law claims sought to be asserted by Plaintiff this Defendant asserts any and all immunities available to this Defendant under or pursuant to state law, federal law, common law or otherwise, including but not limited to sovereign immunity, governmental immunity, good faith immunity, *Mississippi Tort Claims Act* immunities, and otherwise.

**TWENTY-SECOND DEFENSE**

This Defendant incorporates all of the protections, limitations, restrictions, immunities, statutes of limitation, caps, and other benefits and protections available to this Defendant under or pursuant to state law, including all of same that are a part of the *Mississippi Tort Claims Act.*

**TWENTY-THIRD DEFENSE**

All state law claims sought to be asserted by Plaintiff in this cause of action must be dismissed by virtue of Plaintiff's failure to take those steps prerequisite to the filing of a state law claim against this Defendant as required by the *Mississippi Tort Claims Act,* including, but not limited to the timely, proper, and complete filing of a statutory notice of claim with the appropriate recipient as designated by statute, and therefore, any and all such claims sought to be asserted by Plaintiff must be dismissed.

**TWENTY-FOURTH DEFENSE**

Defendant asserts all exemptions to liability provided to this Defendant by the *Mississippi Tort Claims Act,* including all such exemptions applicable to the facts claimed by Plaintiff, contained in §46-11-9, Mississippi Code, (1972 as amended).

**TWENTY-FIFTH DEFENSE**

Without limiting the generality of any of the foregoing, Defendant pleads discretionary immunity/exemption from liability as a bar to Plaintiff's claim.

**TWENTY-SIXTH DEFENSE**

Without limiting the generality of any of the foregoing Defendant pleads police immunity/exemption from liability provided by §11-49-9(1)(c).

### TWENTY-SEVENTH DEFENSE

To the extent that Plaintiff seeks to make any claims against this Defendant in connection with Plaintiff's arrest, or the charges against the Plaintiff arising from the events of June 9, 2007, any such claims are barred against this Defendant because the charges against Plaintiff were not charges of the City or any City officers, but rather were charges by the County. Further, Plaintiff's conviction of those charges bars any claim of Plaintiff that he was wrongfully charged, arrested, or otherwise, in accordance with *Heck v. Humphrey*, and related cases.

### TWENTY-EIGHTH DEFENSE

Defendant would affirmatively show that the Plaintiff is entitled to no punitive damages in this cause of action, and further, that any award of punitive damages would be in violation of the constitutional safeguards provided to this Defendant under the Constitutions of the State of Mississippi and the United States of America.

### TWENTY-NINTH DEFENSE

Defendant would affirmatively show that Plaintiff is entitled to no punitive damages in this cause of action, and Defendant would further show that an award for punitive damages in this case would violate the due process clause of the Fourteenth Amendment to the Constitution of the United States in that the basis for awarding punitive damages is vague and not rationally related to any legitimate government interest.

### THIRTIETH DEFENSE

Defendant would affirmatively show that the Plaintiff is entitled to no punitive damages in this cause of action, and Defendant would further show that any award of punitive damages in this case would violate the due process clause of the Constitution of the State of Mississippi in that the

563939                                                    18

basis for awarding punitive damages is vague and not rationally related to any legitimate governmental interest.

### THIRTY-FIRST DEFENSE

Defendant would affirmatively show that Plaintiff is entitled to no punitive damages in this cause of action, and Defendant would further show that an award of punitive damages in this case would be violative of the procedural safeguards provided the Defendant under the Sixth Amendment of the Constitution of the United States in that punitive damages are penal in nature, and the Defendant is entitled to the same procedural safeguards accorded to those charged with crimes against the state or against the United States before such penalty can be assessed.

### THIRTY-SECOND DEFENSE

Defendant would affirmatively show that Plaintiff is entitled to no punitive damages in this cause of action, and Defendant would further show that any award of punitive damages in this case would violate the Defendant's right to protect against "excessive fines" as provided in the Eighth Amendment to the United States Constitution

### THIRTY-THIRD DEFENSE

Plaintiff is not entitled, as a matter of fact, or as a matter of law, to recovery of punitive damages, and therefore, Plaintiff's claim for punitive damages against this Defendant should be dismissed.

### THIRTY-FOURTH DEFENSE

Though this Defendant asserts that Plaintiff is not entitled to recovery of any punitive damages, this Defendant would assert that any such effort by Plaintiff be limited in accordance with recent pronouncements of the United States Supreme Court with respect to the subject of punitive damages.

## THIRTY-FIFTH DEFENSE

Though this Defendant asserts that the Plaintiff is not entitled to the recovery of punitive damages under any circumstances, this Defendant would assert that this Defendant is entitled, as a matter of law, to have that issue decided by the Court.

## THIRTY-SIXTH DEFENSE

Defendant denies that Plaintiff is entitled to recovery of punitive damages. Without limiting the generality of the foregoing, Defendant would state that Plaintiff is not entitled to recovery of punitive damages in any event unless Plaintiff establishes by a preponderance of the evidence "aggravating factors" that would entitle Plaintiff to recovery of punitive damages, all of which Defendant denies.

## THIRTY-SEVENTH DEFENSE

Defendant denies that Plaintiff is entitled to recovery of punitive damages. Without limiting the generality of the foregoing, Defendant would assert that in the event that Plaintiff should be deemed to be entitled to recovery of punitive damages (which is denied), then Defendant would assert that Plaintiff's entitlement should not exceed the appropriate ratio between actual damages, if any, and punitive damages, if any, as discussed in case law.

## THIRTIETH-EIGHTH DEFENSE

Defendant denies that Plaintiff is entitled to recovery of punitive damages. Without limiting the generality of the foregoing, Defendant would assert that if Plaintiff is deemed to be entitled to recovery of punitive damages (which is denied), any such recovery should be limited so as to bear a reasonable relationship to harm, if any, likely to result, or harm, if any, that has already occurred.

**THIRTY-NINTH DEFENSE**

Defendant denies that Plaintiff is entitled to recovery of punitive damages. Without limiting the generality of the foregoing, if it should be determined that Plaintiff is entitled to recovery of any punitive damages (which is denied), any such damages should not exceed, at most, a single digit ratio between punitive and compensatory damages.

**FORTIETH DEFENSE**

As a matter of law, punitive damages cannot be assessed against this Defendant and any claim by Plaintiff for punitive damages should be dismissed.

**FORTY-FIRST DEFENSE**

Plaintiff has failed to make sufficient allegations that would support a cognizable claim under state law by failing to plead or prove that this Defendant intended to harm Plaintiff, or acted in reckless disregard as required by Mississippi law, including, but not limited to the provisions of *Mississippi Tort Claims Act.*

**FORTY-SECOND DEFENSE**

Without limiting the generality of anything contained hereinabove, Defendant asserts that any state law claim of Plaintiff is barred by the statute of limitations contained in §15-1-35, *Mississippi Code*, (1972 as amended).

**FORTY-THIRD DEFENSE**

Though this Defendant denies any wrongdoing to the extent that the trier of fact in this case should find otherwise (which is denied) this Defendant would assert the Plaintiff's claim is barred by Plaintiff's failure to exhaust administrative remedies.

563939                                          21

## FORTY-FOURTH DEFENSE

This Defendant incorporates any and all defenses to Plaintiff's cause of action asserted by any other Defendant to this cause of action including, but not limited to, any and all affirmative defenses set forth by any other Defendant to this cause of action that may or could be applicable and available to this Defendant.

AND NOW HAVING FULLY RESPONDED TO THE ENUMERATED PARAGRAPHS OF THE SECOND AMENDED COMPLAINT, AND HAVING GIVEN PLAINTIFF NOTICE OF THIS DEFENDANT'S INTENTION TO OFFER CERTAIN IN AFFIRMATIVE DEFENSE AND AVOIDANCE OF THE SECOND AMENDED COMPLAINT, THIS DEFENDANT DEMANDS THAT THIS CAUSE OF ACTION BE DISMISSED AT THE COST OF PLAINTIFF.

RESPECTFULLY SUBMITTED,

MITCHELL, McNUTT & SAMS, P.A.

BY: /s/ Wendell H. Trapp, Jr.
    Attorneys for Defendants, City of Ripley,
    Mississippi, Ramone Rengel, Ken Walker,
    and Karl Gaillard
    Wendell H. Trapp, Jr.
    Mississippi Bar # 8263

Mitchell, McNutt & Sams, P.A.
508 Waldron Street
Post Office Box 1200
Corinth, Mississippi 38835-1200
(662) 286-9931
FAX: (662) 286-8984
email: *wtrapp@mitchellmcnutt.com*

*Certificate of Service*

I hereby certify that on the 12th day of May, 2010, I electronically filed the foregoing with

the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Charles R. Mullins, Esquire
Coxwell & Associates, PLLC
Post Office Box 1337
Jackson, Mississippi 39215-1337

R. Jeff Allen, Esquire
Hunt, Ross & Allen
Post Office Box 1196
Clarksdale, Mississippi 38614

/s/ Wendell H. Trapp, Jr.
WENDELL H. TRAPP, JR.